# CRIMINAL COURT PART 2 OF BALTIMORE CITY.

Filed January 2, 1902.

STATE
VS.
CARRIE PARKHURST.

*John Phelps* for the plaintiff.

*M. N. Packard* and *Findley & Mackenzie* for defendant.

HARLAN, J.—

I am of opinion that the demurrer to the indictment in this case should be sustained for the reason that the ordinance of the Mayor and City Council of Baltimore, under which the indictment is framed (Sec. 4 of Art. 38 of the Baltimore City Code), is plainly inconsistent with the Public Local Law of the State enacted by the General Assembly for Baltimore City, and codified in Sections 866-872 of Chapter 123 of the Acts of 1898, generally known as the New Charter. The ordinance provides that the penalty for engaging in the practice of fortune telling, or any similar device in the City of Baltimore "shall be a fine of not less than twenty-five dollars, while the legislature in the local law above mentioned, provides that "every fortune teller * * * shall be deemed a vaga-

bond or disorderly person," and that "the court upon proof * * * shall commit said * * * vagabond· to the Maryland House of Correction or to such other suitable place as may hereafter be provided for said purpose by the Mayor and City Council of Baltimore for not less than one week nor more than two months for the first conviction." In my judgment it was not competent for the Mayor and City Council to provide that an act shall be punished with a different, and in this instance a less, penalty than that with which the legislature in a law especially enacted for Baltimore City, has declared it shall be visited.

This is not a case of the same act constituting two separate offenses, nor is it a case of the same act being an offense against two governments. All acts recognized as crimes in Maryland are crimes ˙against the State. There are no crimes against the city of Baltimore or against any county. And the suggestion that the traverser here may be prosecuted under the ordinance as for an offense against the municipal corporation, and also under the statute as for an offense against the State, a suggestion which has been supported by a reference to 1 Bishop Criminal Law, Sec. 1029, sub-Sec. 2, &c., and the cases there cited, can receive no sanction in a State where the Constitution itself declares that all indictments shall conclude "against the peace, government and dignity of the State." The ordinance for the violation of which the traverser is indicted being, in my opinion, invalid, I do not deem it necessary to consider the other objections to the indictment, as the demurrer will have to be sustained on this account, and it is so ordered.